**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| James Turlish<br><br>    Plaintiff<br><br>    v.<br><br>Airbnb, Inc.; Thomas Meyer Childs a/k/a Thomas Giles Meyer, A/k/A Thomas Richardson; "A" Person; "X" COMPANY; "A", "B" INSURANCE COMPANY;<br><br>    Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, James Turlish, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

**I. THE PARTIES**

1. Plaintiff, James Turlish (hereinafter referred to as Mr. Turlish) is of legal age, single and domiciled in the State of New Jersey.

2. Codefendant, AIRBNB, INC. (hereinafter "AIRBNB") is a Delaware Corporation with principal place of business in San Francisco, California, managing and operating an online marketplace for short-term homestays and tour experiences.

1

3. Airbnb serves clients like Plaintiff, James Turlish, throughout the United States, including the Commonwealth of Puerto Rico.

4. Using the services of Airbnb, Mr. Turlish booked a stay for a number of days for a one-bedroom apartment for the month of April, 2023, at Las Dunas Beach Apartments a/k/a Las Dunas Guest House, located at 5181 Pedro Albizu Campos Street, Isabela, Puerto Rico, hereinafter referred to as "Las Dunas Apartments".

5. By information and belief, codefendant Thomas Meyer Childs a/k/a Thomas Giles Meyer, A/k/A Thomas Richardson (hereinafter referred to as "Mr. Meyer") is of legal age, single and domiciled in Puerto Rico. Mr. Meyer is the property owner of Las Dunas Apartments.

6. Mr. Thomas Meyer, for Airbnb purposes was also the host for the stay of Mr. Turlish.

7. Codefendants "A" person, is the fictitious name of another individual that is also an owner of Las Dunas Apartments. Once he has been properly identified, the complaint may be amended in order to include the proper name of this additional person who is also responsible for the accident below mentioned and the damages suffered by Mr. Turlish.

8. "X" Company is the fictitious name used to denominate another company that also operates, supervises and manages together with the rest of the defendants, the Las Dunas Apartments, and that is also responsible to the plaintiff for the accident and damages suffered as described in this complaint.

9. "A" and "B" insurance companies, are the fictitious names used to denominate the currently unknown insurance companies that at the time of the accident described in this complaint had issued and had in full force and effect, as per the terms and conditions of the issued insurance policy, one or more liability insurance policies to cover the legal liability of one or more of the above-named defendants. Once the identity of said insurance companies is known, the complaint may be amended so as to include the proper insurance company defendants as additional defendants to this complaint.

## II. JURISDICTION

10. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy

is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Isabela, Puerto Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

12. The accident that gives origin to the present case occurred on April 4th, 2023, at the Las Dunas Apartments, Isabela, Puerto Rico, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling of the present complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico of 2020.

### IV. THE FACTS AND THE DAMAGES

13. Mr. Turlish through the Airbnb platform, booked a stay at one of the apartments located at las Dunas Apartments, Isabela, Puerto Rico. Mr. Meyer was the host for the stay at the Las Dunas Apartments.

14. Mr. Turlish was visiting Puerto Rico in order to train for an Ironman Triathlon competition and decided to stay at the

Las Dunas Apartments for this purpose, based on the marketing information made available by the defendants to entice him to stay at the Las Dunas Apartments.

15. Shortly after arriving in Puerto Rico, on the morning of April 4th, 2023, Mr. Turlish after leaving his bed and stepping on the floor, noticed that the floor of the apartment was completely wet.

16. Almost immediately, due to the wet and slippery floor conditions, Mr. Turlish abruptly fell backwards, suffering a concussion as a result of the fall, losing consciousness for what seemed a couple of minutes as a result of the fall and suffering injuries to various parts of his body.

17. A couple of minutes after the fall, Mr. Turlish although dazed, regained consciousness and felt severe pain in the area of his head, shoulder, back, left knee and left ankle.

18. As a result of the fall he was seriously injured, in extreme pain and completely wet and dirty.

19. After Mr. Turlish was able to regain his composure, soaking wet, he also noticed that his equipment that he had brought for his training was also wet due to water from the apartment sink. He also perceived a strong odor of feces in the apartment.

20. Due to the immense pain that he was experiencing after his fall, he visited a local medical facility to receive treatment and get evaluated.

21. Shortly after the fall he reported his accident to the host and cancelled his stay at said apartment complex.

22. He reported the accident to the host and/or Airbnb. Crawford U. S. Property & Casualty was assigned the investigation of the accident. Crawford opened claim number 4171554 on April 20, 2023.

23. Weeks after the fall, due to the constant pain to various parts of his body to include neck, shoulder, left knee and ankle, he procured further medical assistance in the State of Nevada.

24. In order to try to recuperate, Mr. Turlish required many months of treatments, therapies, and home therapies.

25. To this date, he suffers from neck, shoulder and left knee and ankle pain. He has vertical lordosis that also causes pain and anguish. His accident also exacerbated previous existing physical conditions that Mr. Turlish suffers as a result of the abrupt slip and fall incident.

26. Due to the extent of his injuries, and in particular the concussion suffered, Mr. Turlish to this date complains of dizziness, frequent headaches, pain to various parts of his

body, anxiety, mental anguish, knee and ankle pain, loss of strength and stamina that still affects his to this date.

27. As a result of the fall, Mr. Turlish has not been able to train and much less compete in Triathlons and his quality of life has also been negatively affected. He has limitations of movement in his neck, shoulder, and left knee and left ankle.

28. As a result of the accident, he now has permanent impairments. He no longer is able to enjoy various pleasures of life as before the accident.

29. The value of all his damages related to his accident, to include past, present and future pain, physical damages, and mental anguish is estimated in a sum in excess of **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00).**

## V.   FURTHER ECONOMIC DAMAGES

30. Mr. Turlish, as a result of the accident, incurred in additional economic damages. He has and will have to incur in unwanted expenses, to include medical related, travel and other miscellaneous unwanted expenses related to this accident in a sum estimated in excess of **FIFTEEN THOUSAND DOLLARS ($15,000),** a sum that is also owed to the Mr. Turlish by the Defendants.

7

31. As a result of the accident, and due to the wet floor conditions, equipment belonging to Mr. Turlish was ruined. He estimates this loss of equipment in excess of **FOUR THOUSAND DOLLARS ($4,000),** an amount that is also owned to Mr. Turlish by the defendants.

32. Mr. Turlish trip to Puerto Rico in order to train for a triathlon was also ruined. He was not able to do any training due to his accident. The cost and economic loss of his trip to Puerto Rico is estimated in the amount in excess of **THREE THOUSAND DOLLARS ($3,000),** an amount that is also owed to him by the defendants.

33. Mr. Turlish also has now to pay a medical lien for medical treatments received as a result of his accident. Said lien is estimated in a sum in excess of **FIVE THOUSAND DOLLARS ($5000).** Mr. Turlish would not have said medical debt if not for the accident suffered due to the negligence of the defendants. Thus, defendants owe him said amount of money as well.

34. Mr Turlish would not have suffered all previous mentioned additional expenses if the accident had not occurred due to the negligence of the Defendants.

## VI.  LIABILITY

35. The accident resulting in the serious, severe and permanent damages to Mr. Turlish was caused by the exclusive fault and/or negligence of the Defendants.

36. The defendants had a duty towards Mr. Turlish to keep him safe. The Defendants failed in properly maintaining the apartment without water-leaking apartment fixtures. By their negligence in not maintaining well the apartment, they allowed the apartment to flood and the accident to happen.

37. They should had maintained the apartment clean and in good working order. By not maintaining the apartment clean and in good working order, this allowed for the floor when wet to be very slippery, causing the abrupt fall of Mr. Turlish.

38. The accident would not have happened if not for the joint fault and negligence of the Property owners and property host.

39. Airbnb, Inc. is also responsible to Mr. Turlish under the economic benefit theory since Airbnb, Inc., enjoyed a profit at the expense of the plaintiff.

40. At the very least, Airbnb, Inc. should have required that their contracting host maintain the property that was to be used by a paying guest well maintained and in good working order and clean. Airbnb failed to act and is thus also

9

jointly responsible with the rest of the defendants for the occurrence of the accident.

41. All insurance company defendants, as per the dispositions of the Insurance Code of Puerto Rico are also directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident, for all damages suffered by Mr. Turlish as a result of negligence of the property owner.

42. As per article 1536 of the Civil Code of Puerto Rico, all defendants are thus liable to the plaintiff for the occurrence of the accident herein described and all damages suffered by plaintiff, Mr. Turlish.

43. Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for Plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 3rd day of April, 2024.

**RIVERA-ASPINALL, GARRIGA &**
**FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475

10

Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506